UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ISABELLE PIERRE LOUIS,

            Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

            Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ISABELLE PIERRE LOUIS ("Isabelle"), sues Defendant, DOLLAR TREE STORES, INC. ("Dollar Tree"), and alleges as follows:

**INTRODUCTION**

1. "Watch out for those Haitian Managers, as they steal everything." "You hire too many people that speak Creole[1]." "The Haitians are stealing." These are just some quotes from Tina— Dollar Tree's District Manager for District 23, serving Broward County, Florida. Isabelle worked her way up from the bottom, eventually becoming a Dollar Tree assistant store manager— a position she was stuck at for 11 years. Isabelle was finally promoted to store manager in 2016. However, Isabelle's success was short-lived as she had a big problem—Isabelle was black and from Haiti. After incredible discrimination, abuse, and harassment, Tina found an excuse to fire Isabelle and replace her with Tina's own (white) friend—Elyn.

2. This is an action against Dollar Tree to recover damages pursuant to Title VII of

---

[1] "Haitian Creole is the true national language of the Republic of Haiti. In addition to seven million people in the homeland, it is spoken by about a million Haitians living abroad." http://www.indiana.edu/~creole/creolenatllangofhaiti.html.

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes §§760.01-760.11 (the "FCRA"). This action seeks legal, declaratory, injunctive and equitable relief, compensatory damages and costs and attorney's fees.

## JURISDICTION

3.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law as well as 42 U.S.C. Section 2000e-5(f)(3).

4.     Under 28 U.S.C. §1367(a), this court has supplemental jurisdiction over Plaintiff's state law claim because it is so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue in this District is proper under 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. §1391 because a substantial part of the events and omissions complained of took place in this District.

## PARTIES

6.     At all times relevant to this Complaint, Plaintiff, Isabelle was and is a U.S. Citizen, over the age of 18, and a person with standing to bring a claim under the above-referenced statute by virtue of being directly affected by violations of the of Title VII and the FCRA.

7.     Isabelle was employed at the Dollar Tree located at 1213 S. Federal Highway, Pompano Beach, Florida also known as Store #1893, from 2007, until she was fired on April 18, 2018.

8.     At all times relevant to this Complaint, Isabelle is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employee" of Dollar Tree and an "aggrieved person" within the

2 | P a g e

meaning of 42 U.S.C. §2000e(f) and the FCRA § 760.02(10).

9. According to its website, Dollar Tree is the largest and most successful single-price-point retailer in North America, operating thousands of stores across 48 contiguous U.S. states and five Canadian provinces, supported by a solid and scalable logistics network[2]. Dollar Tree is a Fortune 500 company and trades on the NASDAQ as DLTR.

10. In 2018, Dollar Tree reported sales of $22.82 billion, with a gross profit of $6.95 billion[3]. With over 15,000 stores and over 176,100 employees nationwide, Dollar Tree stores operate under the brands of Dollar Tree, Family Dollar, and Dollar TreeCanada.

11. At all times relevant to this Complaint, Dollar Tree is and was a covered "employer" within the meaning of Title VII and the FCRA.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Isabelle began working for Dollar Tree in 2007 and worked her way up to Store Manager in 2016.

13. In fact, immediately after Isabelle took over as store manager, sales from her store increased dramatically, as did employee satisfaction, organization, and cleanliness of Store #1893.

14. Dollar Tree splits up the country into districts and assigns a district manager to manage each. Store Managers then report to District Managers. In 2017, Tina Travis was appointed as District Manager over Isabelle's store and Isabelle was required to report directly to Tina.

15. From the very first day, Tina showed her displeasure for Isabelle.

16. Upon information and belief, Isabelle was the only store manager in District 23 of Haitian descent.

---

[2] https://www.dollartreeinfo.com/investors/.
[3] https://www.dollartreeinfo.com/news-releases/news-release-details/dollar-tree-inc-reports-results-fourth-quarter-and-fiscal-year-2.

17. An employee managed by Isabelle told her that Tina had warned her to "watch out for those Haitian Managers, as they steal everything."

18. If the store numbers were not to Tina's liking, she would accuse the Haitian employees of stealing.

19. In January of 2018, Tina snapped at Isabelle that she "hired too many people that speak Creole." Shocked, Isabelle explained to Tina that many of the Haitian employees who worked at Store #1893 were not hired by Isabelle, but many were actually hired by different stores and subsequently transferred to Store #1893.

20. Tina went on to advise that in the future Isabelle must send all employment applications to Tina for approval, which Isabelle had never been asked to do previously, and which was not Dollar Tree's policy, except when hiring Assistant Managers.

21. Isabelle felt great pressure not to hire any Haitians.

22. Being the consummate professional that she was, Isabelle sucked up the constant abuse and harassment from Tina, and diligently performed her duties and responsibilities.

23. Isabelle was extra diligent in her efforts as she had heard from other employees that Tina had personally told them that Tina planned to have Isabelle terminated. As a result, Isabelle made sure to always maintain pictures of her store, along with other stores for comparison, as proof that her store was in line with the company's protocol and to escape any accusations and trouble from Tina that her store was not compliant.

24. Tina's discriminatory words, actions, and behaviors were reported to Dollar Tree human resources by Isabelle and other employees. For example, Tina accommodated other managers' schedules, but not Isabelle's, even when she needed to pick up her young daughter from school and came in early to make up the hours. Other non-Haitian store managers in District 23

4 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

would routinely get such requests approved from Tina.

25. In fact, on or about March 15, 2018, Yves Barthelemy, the Assistant Manager of Store #1893, who is also Haitian, sent an email to the Vice President of Dollar Tree complaining about Tina's offensive and hurtful comments regarding Haitian people.

26. Finally, Dollar Tree sent a representative to "investigate" the complaints. Within a few days, Tina was replaced as District Manager by Ali Hassan. Upon information and belief, Tina was simply transferred to another district.

27. During that same period, Isabelle left for a much needed and well-deserved vacation. During her vacation, she received a text message from Ali asking for a call back. When Isabelle called on April 18, 2018, Ali informed Isabelle that she had been terminated but that he didn't know why.

28. Isabelle's position was immediately given to Tina's friend, Elyn, who is white.

29. Isabelle was later informed that Dollar Tree gave the reason for her termination as going on vacation without notifying anyone and without receiving any approval from the company. This is demonstrably false based upon her emails and meticulous documentation.

30. Isabelle was fired for one reason and one reason only—simply because she is of Haitian descent.

31. On or about July 5, 2018, Isabelle filed a dual Charge of Discrimination against Dollar Tree by filing a Charge of Discrimination with the Miami Office of the United States Equal Employment Opportunity Commission ("EEOC") as well as the Florida Commission on Human Relations.

32. Under an agreement between the State of Florida and the EEOC, a "dual filing" of a state and federal civil rights claim allows a person to have one agency—the Miami Office of the

Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

EEOC—investigate discrimination cases on behalf of the federal government and the State of Florida.

33. Under an agreement between the State of Florida and the EEOC, a "dual filing" allows the EEOC to issue a right to sue letter that allows a person to sue for violations of Title VII as well as Florida's Civil Rights Act.

34. On or about February 27, 2019, The EEOC issued its Notice of Right to Sue to Isabelle.

35. All conditions precedent to the filing of this action have occurred or have been waived.

## COUNT I
### Violation of Title VII

36. Isabelle repeats, realleges and incorporates paragraphs 1 through 35.

37. Isabelle is black, of African descent and was born and raised in Haiti. Dollar Tree fired Isabelle solely because she is black and of Haitian descent, and these were the motivating factors in Isabelle's termination. Isabelle had been an exemplary employee from the date of her hire until her termination and had brought in greatly increased revenues for Dollar Tree.

38. Isabelle's race and country of origin were the motivating factors for why Dollar Tree discriminated against Isabelle by creating a hostile work environment and Dollar Tree's failure to take any action in response to Tina's outrageous conduct.

39. According to 42 U.S.C.A. § 2000e-2(a) Employer practices:

> It shall be an unlawful employment practice for an employer:  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

7 | P a g e

individual's race, color, religion, sex, or national origin.

40. By virtue of Dollar Tree's actions and inactions as set forth above, Dollar Tree has violated Title VII with regard to Isabelle by firing her solely on the basis of her race and country of origin and creating a hostile work environment.

41. Dollar Tree's conduct in discriminating against Isabelle due to her race and country of origin was intentional. Dollar Tree engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of Isabelle.

42. As a direct and proximate result of Dollar Tree's actions and inactions, Isabelle has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, loss of capacity for the enjoyment of life, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Dollar Tree.

43. As a result of the deprivations of rights at the hands of Dollar Tree, Isabelle has retained Rodal Law, P.A., and has agreed to pay them a reasonable fee, which she is entitled to recover pursuant to 42 U.S.C. Section 2000e-5k and otherwise by law.

**WHEREFORE**, Plaintiff, ISABELLE PIERRE LOUIS, demands judgment against the Defendant for damages as set forth above, back pay, front pay, the costs of this action, attorney's fees and costs pursuant to 42 U.S.C. 2000e-5k and for such further relief as this Court deems just and equitable.

## COUNT II
### Violation of Florida's Civil Rights Act

44. Isabelle repeats, realleges and incorporates paragraphs 1 through 35.

45. At all times material hereto, Dollar Tree failed to comply with the FCRA, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail

7 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ***race, color***, religion, sex, ***national origin***, age, handicap, or marital status." (emphasis added).

46. Isabelle is black and was born and raised in Haiti, a protected class of citizens . Dollar Tree fired Isabelle solely because she is black and of Haitian descent, and these were the motivating factors in Isabelle's termination. Isabelle had been an exemplary employee from the date of her hire until her termination and had brought in much increased revenues for Dollar Tree.

47. Isabelle's race and nation of origin were the motivating factors why Dollar Tree discriminated against Isabelle by creating a hostile work environment and Dollar Tree's failure to take any action in response to Tina's outrageous actions.

48. By virtue of Dollar Tree's actions and inactions as set forth above, Dollar Tree has violated the FCRA with regard to Isabelle by firing her solely on the basis of her race and nation of origin creating a hostile work environment.

49. Dollar Tree's conduct in discriminating against Isabelle due to her race and nation of origin was intentional. Dollar Tree engaged in a discriminatory practice with malice or with reckless indifference to the rights of Isabelle, pursuant to Fla. Stat. §760.10.

50. As a direct and proximate result of Dollar Tree's actions, Isabelle has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, loss of capacity for the enjoyment of life, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Dollar Tree.

51. As a result of the deprivations of rights at the hands of Dollar Tree, Isabelle has retained Rodal Law, P.A., and has agreed to pay them a reasonable fee, which she is entitled to

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

9 | P a g e

recover pursuant to Fla. Stat. §760.10(5) and otherwise by law.

**WHEREFORE**, Plaintiff, ISABELLE PIERRE LOUIS, demands judgment against Dollar Tree for damages as set forth above, back pay, front pay, the costs of this action, attorney's fees and costs pursuant to Fla.Stat.Ch. 760 and for such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, ISABELLE PIERRE LOUIS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

s/ Yechezkel Rodal
Yechezkel Rodal, Esq.
Florida Bar No. 91210
E-mail:chezky@rodallaw.com
RODAL LAW, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309
Phone: (954) 367-5308

*Counsel for Plaintiff*

9 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com